IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CLAYTON ANDREW SCHWERS,

      Plaintiff,

v.  No. 15cv237 WPL

MAYOR RICHARD BERRY,
RAYMOND SCHULTZ, Chief of Police, APD,
CHRIS KERLIN, APD Officer, and
John Mings, APD officer,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. *See* Doc. 2, filed March 20, 2015. For the reasons stated below, the Court will **GRANT** the Application. Plaintiff shall file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

Plaintiff signed an affidavit in support of his Application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information in his Application is true.  Plaintiff states that: (i) his average monthly income during the past year was less than $500; (ii) his expected income next month is $100; (iii) he is 24 years old, unemployed, and a full-time student; (iv) his parents pay his rent and other expenses including school, and provide food; and (v) he has no assets and no money in bank accounts. The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because Plaintiff is unemployed and has no assets or money in bank accounts.

**Dismissal of *In Forma Pauperis* Proceedings**

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2).  "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007); *Montana v. Hargett*, 84 Fed.Appx. 15, 17 (10th Cir. 2003) ("While we have held that a sua sponte dismissal pursuant to § 1915(e)(2) need not be preceded by notice and an opportunity to amend when amendment would be futile, a district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would

yield a meritorious claim"). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

The only allegations in Plaintiff's Complaint are: (i) "Improper policy enforcement to ensure proper search and seizure [sic] (USC article 4). Failure to ensure proper guidance, training and supervision at APD;" (ii) "Excessive force was applied with intent to injure Clayton Schwers during;"[1] (iii) "Conducted crime of improper law enforcement resulting in harm to Clayton Schwers on 3/21/2012;" and (iv) "Conducted crime of improper law enforcement resulting in harm to Clayton Schwers on 3/21/2012. Failure to follow APD policy."

Plaintiff's Complaint fails to state a claim and should be dismissed pursuant to 28 U.S.C. 1915(b)(2). Plaintiff's Complaint only contains conclusory allegations. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff fails to state with any particularity what each Defendant did to Plaintiff or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492

---

[1] "during" is the last word of the allegation.

F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

Plaintiff shall file an amended complaint within 21 days of entry of this Order.  Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court cannot serve process because Plaintiff has not provided the Defendants' addresses. The Court will order service if Plaintiff provides the Court with Plaintiffs' addresses and timely files an amended complaint pleading which states a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2, filed March 20, 2015) is **GRANTED.**

**IT IS ALSO ORDERED** that Plaintiff may file an amended complaint, with Defendants' addresses, within 21 days of entry of this Order.

_____
**UNITED STATES MAGISTRATE JUDGE**