IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAYTON ANDREW SCHWERS,

       Plaintiff,

v.                                                                      CV 15-00237 RB/WPL

CITY OF ALBUQUERQUE,
MAYOR RICHARD BERRY,
RAYMOND SCHULTZ, Chief of Police, APD (former),
CHRISTOPHER KERLIN, APD Officer, and
JOHN MINGS, APD Officer,

       Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

Clayton Andrew Schwers has sued the City of Albuquerque, Mayor Richard Berry, former Chief of Police Raymond Schultz, and Albuquerque Police Officers Christopher Kerlin and John Mings for damages for civil rights violations arising out of an incident that occurred on March 21, 2012. (Doc. 1.) Schwers has filed a motion to compel the defendants to respond to his request for production of documents. (Doc. 37.) For the reasons that follow I will deny the motion.

Because Schwers is proceeding pro se, I must construe his motion liberally and hold it to a less stringent standard than is required of a party represented by counsel. See *Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008). Liberal construction requires me to make some allowance for Schwers' "failure to cite proper legal authority, [his] confusion of various legal theories, [his] poor syntax and sentence construction, or [his] unfamiliarity with pleading requirements[.]" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)

(*quoting Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). However, I "cannot take on the responsibility of serving as [Schwers'] attorney in constructing arguments and searching the record." *Id*. (citation omitted).

Federal Rule of Civil Procedure 26(b)(1) allows discovery of any nonprivileged matter that is "relevant" to any party's claim or defense, provided such discovery appears "reasonably calculated to lead to the discovery of admissible evidence." At the motion to compel stage, the proponent of the motion bears the initial burden of showing that the information sought is relevant. *Metzger v. Am. Fid. Assur. Co.,* No. CIV-05-1387-M, 2007 WL 3274934, at *1 (W.D. Okla. Oct. 23, 2007) (unpublished) (citations omitted).

Judge Brack has dismissed the claims that Schwers brought against the City of Albuquerque, Mayor Berry and former Chief of Police Schultz. (Doc. 38.) Because these defendants are no longer parties to this case, Schwers' claims against them are moot and he cannot compel their responses to his discovery requests. Fed. R. Civ. P. 37(a)(3).

Turning to Officers Kerlin and Mings ("the defendants"), Schwers complains that the defendants have asserted boilerplate objections, have asserted an "act of production privilege," and have stated that they will only produce documents in their personal possession. (Doc. 37 at 3 – 6.) It is true that the defendants asserted a number of general objections to Schwers' requests, but given the confusing nature of the requests, those objections are appropriate. I have reviewed defendants' responses to the requests, and the defendants did not assert an "act of production privilege" or refuse to produce documents in their possession, custody or control. I must overrule Schwers' claims on these issues.

Schwers' motion to compel has a number of fatal infirmities. The defendants have properly responded to many of the requests. For example, a large number of Schwers' requests

ask for "All FOIA Request [sic]" made by the defendants. See Request Nos. 1, 2, 3, 5, 8, 12, 13, and 16 – 20. When using the term "FOIA," I assume Schwers is referring to Freedom of Information Requests. The defendants responded to many of these requests by stating that they made no FOIA requests concerning this case. See Response to Request Nos. 1, 2, 3, 5 and 8. While Schwers may be unhappy with this response, he prepared his requests and he cannot now be heard to complain when the defendants respond that they made no FOIA requests. The defendants filed responses to Request Nos. 12 and 17, and Schwers has failed to demonstrate how those responses are inadequate.

Certain of Schwers' requests ask that the defendants produce video concerning part of the underlying incident. See Request No. 4 (lapel videos from Officers Grossette, Silva and Haugh), No. 10 (video showing the warrant to enter Subway), No. 11 (video that shows unnamed officer did not read Schwers his Miranda rights), and No. 14 (video of Sgt. Grossette attempting to draw blood from Plaintiff). In response to Request No. 11, the defendants state that there is no video of the underlying incident. Since the defendants cannot produce videos that do not exist, this response is a sufficient response to these requests.

Request No. 6 asks the defendants to produce the jacket that Schwers was wearing when the incident occurred. The defendants responded that the jacket is in evidence at the Albuquerque Police Department and the photographs of the jacket were produced as part of the defendants' initial disclosures. This response is sufficient.

Some of Schwers' requests are interrogatories in disguise. See Request No. 10 ("Produce why defendants claim plaintiff cannot obtain punitive damages"), No. 13 (produce how transportation officers and BCSO sheriff's deputies "can be Liable for Destruction of Evidence"), and No. 18 ("Request for how Ray Schultz thinks he has any immunity when he fled

the jurisdiction"). Rule 34 allows a party to request the production of documents, electronically stored information, or other tangible things, while Rule 33 allows a party to serve interrogatories to another party. *Compare* Fed. R. Civ. P. 34(a)(1)(A) with Fed. R. Civ. P. 33(a)(2).

Finally, even considering that Schwers is pro se and his motion must be construed liberally, some of the requests are incomprehensible. See Request Nos. 7, 9, 13, 15, 16, 18 – 20. The defendants' objections that these requests are not capable of being understood are sustained.

Because the defendants have properly objected and responded to Schwers' requests for production, his motion to compel must be denied.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.