IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAYTON ANDREW SCHWERS,

      Plaintiff,

v.                                                CV 15-00237 RB/WPL

CITY OF ALBUQUERQUE,
MAYOR RICHARD BERRY,
RAYMOND SCHULTZ, Chief of Police, APD (former),
CHRISTOPHER KERLIN, APD Officer, and
JOHN MINGS, APD Officer,

      Defendants.

**ORDER ON DEFENDANTS' MOTION TO COMPEL**

Albuquerque Police Department Officers Christopher Kerlin and John Mings ("the defendants") filed a motion to compel Clayton Andrew Schwers to provide a medical authorization as part of his initial disclosures, and also to provide complete answers and responses to the City of Albuquerque's First Set of Interrogatories and First Set of Requests for Production. (Doc. 39.) Schwers did not file a response to the motion. I will grant in part and deny in part the motion.

Schwers sent his initial disclosures to the defendants on August 14, 2015. He also filed his initial disclosures on CM/ECF. (Doc. 26.) However, Schwers did not include with his initial disclosures a medical authorization. D.N.M.LR-Civ. 26.3(d)(3) provides that, in any case in which a party's physical or mental condition is in issue, that party must provide "for each healthcare provider, a signed authorization to release medical records form." Schwers must provide medical authorizations to the defendants as required by D.N.M.LR-Civ. 26.3(d)(3).

The defendants also request that I order Schwers to provide more complete answers to the interrogatories and requests for production served by the City of Albuquerque. Generally, Schwers' failure to respond to this motion would constitute consent to grant the motion. D.N.M.LR-Civ. 7.1(b). However, on October 5, 2015, Judge Brack granted the motion to dismiss filed by the City of Albuquerque, Mayor Berry and former Chief of Police Schultz. (Doc. 38.) Although the defendants could have joined in the City's interrogatories and requests for production served on Schwers, D.N.M.LR-Civ. 7.1(a), they did not do so. Because the City of Albuquerque is no longer a defendant in this case, the discovery documents the City served on Schwers are now moot. The defendants recognize this in their response to Schwers' motion to compel, in which they state that "[b]ecause Mayor Berry, Chief Schultz and the City of Albuquerque are no longer defendants in this matter, Plaintiff cannot move to compel their responses to his discovery." (Doc. 43 at 1.)

Schwers is hereby ordered to provide to the defendants medical authorizations as required by D.N.M.LR-Civ. 26.3(d)(3) no later than December 7, 2015. Schwers is notified that his failure to provide medical authorizations as ordered could result in the imposition of sanctions in this case, including dismissal of his case. Further, the defendants' motion to compel Schwers to provide further answers and responses to discovery served by the City of Albuquerque is denied.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.