IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAYTON ANDREW SCHWERS,

       Plaintiff,

v.                                                                    CV 15-00237 RB/WPL

CITY OF ALBUQUERQUE,
MAYOR RICHARD BERRY,
RAYMOND SCHULTZ, Chief of Police, APD (former),
CHRISTOPHER KERLIN, APD Officer, and
JOHN MINGS, APD Officer,

       Defendants.

### ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL

Clayton Andrew Schwers has filed a motion to compel responses to the second set of discovery requests that he sent to the City of Albuquerque, Mayor Richard Berry, former Chief of Police Raymond Schultz, and Albuquerque Police Officers Christopher Kerlin and John Mings. (Doc. 48.)

As noted in a previous order, because Schwers is proceeding pro se I must construe his motion liberally and hold it to a less stringent standard than is required of a party represented by counsel. (Doc. 52.) However, Schwers' pro se status does not excuse his obligation to comply with the same rules of civil procedure that govern other litigants. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Schwers' motion to compel must be denied for two reasons. First, Schwers failed to confer in good faith with the defendants prior to filing his motion. See Fed. R. Civ. P. 37(a)(1); D.N.M.LR-Civ. 7.1. Schwers sent a letter to the defendants that they received on October 29,

2015. Although the letter is rambling and opaque, for the purposes of this Order I will construe it as a request that the defendants supplement their discovery responses. However, on the same day that the defendants received this letter, Schwers filed his motion to compel. Filing the motion to compel without making a good faith effort to resolve the discovery disputes violates the Federal Rules of Civil Procedure. *See Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc*., 339 F.3d 180, 186 (3d Cir. 2003); *Hoelzel v. First Select Corp.,* 214 F.R.D. 634, 636 (D. Colo. 2003).

Second, Schwers failed to attach to his motion the responses and objections that the defendants made to his discovery requests. See D.N.M.LR-Civ. 37.1. I cannot evaluate the adequacy of the defendants' responses without reviewing them.

Accordingly, Schwers' motion to compel responses to his second set of discovery requests must be denied.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge