IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAYTON ANDREW SCHWERS,

       Plaintiff,

v.                                                         15cv237 RB/WPL

CITY OF ALBUQUERQUE,
MAYOR RICHARD BERRY,
RAYMOND SCHULTZ, Chief of Police, APD (former),
CHRISTOPHER KERLIN, APD Officer, and
JOHN MINGS, APD Officer,

       Defendants.

**ORDER GRANTING DEFENDANT KERLIN'S MOTION TO COMPEL**

Defendant Christopher Kerlin filed a motion to compel discovery responses from Plaintiff Clayton Schwers. (Doc. 62.) Kerlin served written discovery requests on Schwers on December 2, 2015. (Doc. 57; s*ee also* Docs. 62-1 (Interrogatories), 62-2 (Requests for Production), 62-3 (Requests for Admissions).)[1] Schwers responded to the requests on December 16, 17, and 18, 2015. (*See* Docs. 62-4, 62-5, 62-6.) Kerlin notified Schwers by letter about omissions and deficiencies in his responses on December 22, 2015. (Doc. 62-7.) To date, Schwers has neither supplemented his answers nor responded to Kerlin's correspondence.

Although Schwers is proceeding pro se, he is "held to the same procedural standards as those with counsel." *United States v. Distefano*, 279 F.3d 1241, 1245 (10th Cir. 2002). For the reasons that follow, I overrule all of Schwers's objections and grant Kerlin's motion.

---

[1] Citations are to the CM/ECF pagination that appears at the top of each docket entry.

## INTERROGATORIES

A party objecting to an interrogatory must specify the grounds for its objection. FED. R. CIV. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as specific objection." *Miller v. Pruneda*, 236 F.R.D. 277, 281 (N.D. W. Va. 2004) (quotation omitted). Any objection not raised or not raised with specificity is waived. *Id.* The "[u]se of general, reserved objections is disfavored." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996).

Schwers begins his response with the following objection that he intends to apply to each interrogatory: "Defendants you are hereby requested to read comprehend and think logically what a civil proceeding is before asking a couple of these that do not apply on your second set. I find these questions as Harassment by Defendants, Subscribed and sworn Plaintiff." [sic] (Doc. 62-4 at 1.) Construing this objection liberally, Schwers seems to imply that some of the interrogatories are irrelevant and all are intended to harass him. This objection is overruled because Schwers failed to state it with specificity. It is both internally unsupported and indefinite in its reference to other interrogatories.

Addressing Schwers's response to individual interrogatories, Kerlin argues that Schwers's objections to seventeen of the twenty-four interrogatories fail to comply with the federal rules and should be overruled. (Doc. 62 at 12.) Fifteen of Schwers's objections—those to Interrogatory Nos. 1, 2, 4-6, 8, 12-18, 22 and 23—are identical and read as follows:

> I can't say to the defendants that belong in prison for life till death penalty underoath or deported for international war crimes. Plaintiff states defendants engage in slavery by not paying for writing paying less than minimum wage and 5,000.00 per hour rate is illegal. You have already passed the limit on interrogatories.
>
> In the 36 states, the Federal Government, and U.S. Military that currently have death penalty statutes, five different methods of execution are prescribed: Lethal

>injection, Electrocution, Lethal Gas, Firing Squad, and Hanging. All jurisdictions provide for execution by lethal injection.
>
>Methods of execution
>
>www.clarkprosecutor.org/html/death/methods.htm.

[sic] (Doc. 62-4 at 2-7.) This objection appears throughout this order, and I refer to it as the "I can't say to the defendants that belong in prison for life" objection.

The bulk of the objection is not cognizable under the federal rules because it focuses on the alleged culpability of the defendants rather than a specific flaw in the interrogatory. The remaining portion of the objection—i.e., the sentence that reads: "You have already passed the limit on interrogatories"—is cognizable but fails because it is incorrect. Rule 33(a)(1) states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories . . . ." The docket does not contain a stipulation, neither party has mentioned a stipulation, and I did not issue a scheduling order, so Kerlin was entitled to serve 25 written interrogatories on Schwers. Kerlin served 24 written interrogatories in his First Set of Interrogatories (*see* Doc. 62-1), and was therefore within the limit. Moreover, nothing in the docket or Schwers's response to the Interrogatories—which he titled "Plaintiff Clayton Schwers Response to Defendant Christopher Kerlin First Set of Requests for Interrogatories to Plaintiff Clayton Andrew Schwers" (*see* Doc. 62-4)—indicates that Kerlin exceeded the limit by filing a second set of interrogatories. Because Schwers's objections are both improper and contain an incorrect assessment of the number of permissible interrogatories, his objections to Interrogatory Nos. 1, 2, 4-6, 8, 12-18, 22 and 23 are overruled.

Schwers's remaining two objections are to Interrogatory Nos. 10 and 24. His objection to Interrogatory No. 10 contains the same "I can't say to the defendants that belong in prison for life" language cited above, but also includes the following addendum: "Violation of 1st 4th and

14th Amendments and 2nd Amendment Freedom of Speech questioned is not Freedom at all Warrantless searches and seizure Miranda rights not read." [sic] (Doc. 62-4 at 4.) Because the objection argues the merits of the case rather than presenting a specific objection to the interrogatory, the objection is overruled. Interrogatory No. 24 seeks information on Schwers's prior interactions with law enforcement. (*See* Doc. 62-1 at 12.) Schwers argues that the Interrogatory "is plain harassing and menacing you have asked more than the allowed amount. I complied with their derogatory and hateful speech tones on all occurrences." [sic] (Doc. 62-4 at 7.) Construing his objection liberally, Schwers seems to imply that the Interrogatory is irrelevant because its sole purpose is to agitate him. I disagree. Given the broad construction of relevancy, *see* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable"), and the likely possibility that this question seeks, among other things, impeachment evidence, I cannot say that it is irrelevant. Accordingly, Schwers's objection to Interrogatory No. 24 is overruled.

Given that I have overruled all of Schwers's objections, Schwers will provide complete answers to Interrogatory Nos. 1, 2, 4-6, 8, 10, 12-18, and 22-24 of Defendant Christopher Kerlin's First Set of Interrogatories to Plaintiff Clayton Andrew Schwers no later than February 29, 2016.

**REQUESTS FOR PRODUCTION**

A party must either produce documents responsive to a request for production ("RFP") or "state with specificity the grounds for objecting to the request, including the reasons" and "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2). General objections to a request for production are insufficient and will be overruled. *See Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12-13 (D.D.C. 2008).

Schwers begins his response with the same general objection he intended to use for every interrogatory. I overrule it for the same reasons.

Addressing Schwers's response to specific RFPs, Kerlin argues that Schwers's objections to ten of the fourteen RFPs—Nos. 1, 3, 4, 6-9, and 12-14—fail to comply with the federal rules and should be overruled. (Doc. 62 at 6-7.) Schwers used the "I can't say to the defendants that belong in prison for life" objection for five RFPs: Nos. 1, 3, 6, 7, and 13. (*See* Doc. 62-5 at 2-3, 5-6, 10.) I overrule these objections for the reasons stated above.

For two other RFP objections—Nos. 9 and 12—Schwers used a variation of the "I can't say to the defendants that belong in prison for life" objection. (*See* Doc. 62-5 at 8-9.) RFP No. 9 is shortened but also contains the following statement: "Also note you have not paid this at any time ever to this date." (*Id.* at 8.) The word "this" appears to refer to the three monetary amounts in the prior sentence—i.e., "not paying for writing paying less than minimum wage and 5,000 per hour rate is illegal." [sic] (*Id.*) This objection focuses on the culpability of the defendants rather than a flaw in the RFP, and I overrule it. Relatedly, in RFP No. 12, Schwers expanded the "I can't say to the defendants that belong in prison for life" objection to include a sentence about a Mayor in North Carolina and the applicability of the Federal Tort Claims Act to judicial decisions in this case. (*See id.* at 9.) I overrule this objection because it fails to identify a specific flaw in RFP No. 12.

Schwers's remaining objections are to RFP Nos. 4, 8, and 14. (*See* 62-5 at 4, 7, 11.) His objection to RFP No. 4 seems to be that he is not required to turn over recordings or transcriptions of the event because the City Attorney has withheld or provided inadequate disclosure to him (*see* Doc. 62-5 at 4). This is not a proper objection because the remedy for non-

disclosure or inadequate disclosure is a motion to compel, not a proportionate discovery violation. *See* FED. R. CIV. P. 37(a)(1). This objection is overruled.

As for RFP No. 8, which seeks records from any prior arrests or convictions, Schwers argues that the city can "[r]eview [its] own records[,]" and that the defendant's actions were "appalling." (*See* Doc. 62-5 at 7.) Construing his objection liberally, Schwers seems to be arguing that it would be less burdensome for Kerlin to compile his criminal case records. However, because Schwers did not provide specific details about the breadth of the request and the burden it imposes on him, the objection is overruled.

Lastly, Schwers objects to RFP No. 14. (*See* Doc. 62-5 at 11.) In his objection, Schwers relies on his objection to RFP No. 13—which is an "I can't say to the defendants that belong in prison for life" objection—and also references Kerlin's statements during the incident. (*See id.*) Neither of these are a valid basis for an objection, and I overrule the objection.

Given that I have overruled all of Schwers's objections, Schwers will provide complete answers to RFP Nos. 1, 3, 4, 6-9, and 12-14 of Defendant Christopher Kerlin's First Set of Requests for Production to Plaintiff Clayton Andrew Schwers no later than February 29, 2016.

### REQUESTS FOR ADMISSIONS

A party must either answer a request for admission or state grounds for an objection. FED. R. CIV. P. 36(a). Each request to admit must be for a relevant matter, as defined by Rule 26. (*Id.*) However, given the limited applicability of an admission, "refusing to admit a matter on the grounds of irrelevancy wastes the judicial resources that then have to be used to consider the relevancy objection." *Bell v. Domino's Pizza, Inc.*, 2000 WL 1780266, at *2 (D.D.C. Nov. 21, 2000) (unpublished). Moreover, a party objecting to discovery as vague or ambiguous has the

burden of showing such vagueness or ambiguity. *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000).

Schwers begins his response with the same general objection he intended to use for every interrogatory and every RFP. I overrule it for the same reasons.

Schwers objected to all eight of Kerlin's Requests for Admissions ("RFA") individually. (*See* Doc. 62-6.) Objections to RFA Nos. 1-6 and 8 are identical and read as follows: "Objection. This request is overly broad, unduly burdensome, vague, ambiguous, irrelevant to the claims and defenses of the parties, not reasonably limited in time or in scope and not reasonably calculated to the discovery of admissible evidence. Moreover this request is nonsensical." (*See id.* at 1-3.) These objections fail to satisfy Schwers's burden. Not only did he fail to elaborate on his conclusory statements, but a review of each of the questions shows they are understandable, sufficiently focused on the incident underlying Schwers's lawsuit, and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the objections are overruled.

Schwers remaining objection—to RFA No. 7—contains the same paragraph quoted above but with an additional two sentences, which argue that the question is irrelevant and demonstrates continuing bad faith by Kerlin. (*See* Doc. 62-6 at 2.) I cannot agree. The question is relevant, narrowly focused, and understandable. I overrule this objection.

Given that I have overruled all of Schwers's objections, Schwers will provide complete answers to RFA Nos. 1-8 of Defendant Christopher Kerlin's First Set of Requests for Admissions to Plaintiff Clayton Andrew Schwers no later than February 29, 2016.

## CONCLUSION

Schwers failed to state his objections to the discovery requests properly. Kerlin's motion to compel (Doc. 62) is granted. Schwers will produce complete responses to all interrogatories,

RFPs, and RFAs discussed herein by February 29, 2016. Failure to comply with this Order may have serious consequences, up to and including sanctions in the form of adverse inferences, attorney fees or other monetary fines, dismissing the case, or instituting contempt proceedings.

IT IS SO ORDERED.

                                                          *William P. Lynch* (signature)
                                                        William P. Lynch
                                                        United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.