## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CLAYTON ANDREW SCHWERS,

       Plaintiff,

v.                                                                No. CIV 1:15-CV-0237 RB/WPL

CHRISTOPHER KERLIN, APD Officer, and
JOHN MINGS, APD Officer,

       Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 40.) Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court will **DENY** Plaintiff's motion.

I.      **Procedural Background**

This case arises from a violent encounter between Plaintiff and Defendants Kerlin and Mings, both officers with the Albuquerque Police Department. (Doc. 6, First Amended Complaint (FAC) at 3–4.) Plaintiff alleges that Defendants used excessive force during his arrest, leaving him with multiple injuries. (*Id.* at 3–6.) Plaintiff filed his original complaint in this Court on March 20, 2015 (Doc. 1) and his First Amended Complaint on April 6, 2015 (FAC), alleging a litany of claims against Defendants Kerlin, Mings, and others.

Defendants moved for dismissal of Plaintiff's claims against Defendants City of Albuquerque, Richard Berry, and Raymond Schultz, arguing that Plaintiff had failed to state a claim against them. (Doc. 13.) The Court granted Defendants' motion, dismissing the three from

the lawsuit. (Doc. 38.) Plaintiff now moves for reconsideration of the Court's order (Doc. 40), in a pleading that, read liberally, seeks other relief including leave to amend.

## II.   Legal Standards

### A.   Motion to Reconsider Standard

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Litigants seeking such relief may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e)" within 28 days of final judgment "or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)" after 28 days have passed. *Id.*; *see also Ysais v. Richardson*, 603 F.3d 1175, 1178 n.3 (10th Cir. 2010) (noting that Rule 59 was amended effective December 1, 2009 "to provide that a motion to alter or amend a judgment may be filed within 28 days after the entry of judgment"; the previous version required the motion to be filed within ten days).

"A motion for reconsideration under rule 59(e) is an 'inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'" *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1218 (D.N.M. 2014) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted)). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243).

### B.      Motion to Amend Standard

Rule 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982) (internal citation omitted)). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    Discussion

### A.      Pro se Plaintiff

The Court construes Plaintiff's pleadings and arguments liberally. *See Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Pro se plaintiffs are nonetheless required to allege facts sufficient to state a claim. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted)). Moreover, pro se status does not entitle a plaintiff to different rules of civil procedure. *See Montoya v. Chao*, 296 F.3d 952, 957–58 (10th Cir. 2002). Finally, the Court may not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110.

**B.      The Court will deny Plaintiff's motion to reconsider.**

Plaintiff's motion to reconsider this Court's ruling of October 5, 2015 can be split into three different pieces: (1) additional claims against the dismissed Defendants (the City of Albuquerque, Richard Berry, and Ray Schultz) and Defendants Kerlin and Mings; (2) factual allegations outside of the First Amended Complaint; and (3) unsupported accusations and claims against this Court, defense counsel, and others. (*See* Doc. 40.) Strikingly absent is any argument regarding why the Court should reconsider its previous order. To persuade the Court to reconsider the October 5, 2015 order, Plaintiff would need to demonstrate that there had been "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Jarita Mesa Livestock Grazing Ass'n*, 58 F. Supp. 3d at 1218 (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted)). Plaintiff has offered no evidence that the Court "misapprehended the facts, a party's position, or the controlling law." *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted)). Consequently, the Court will deny Plaintiff's motion to reconsider.

**C.      The Court will deny Plaintiff's motion to amend.**

The bulk of Plaintiff's motion discusses the addition of new claims against all Defendants. (Doc. 40 at 2–4.) The Court construes this portion of Plaintiff's motion as a motion to amend. The Court will deny the motion to amend because Plaintiff has not complied with this Court's local rules, which require him to submit the proposed amended complaint as an attachment to a motion to amend. D.N.M. LR-Civ. 15.1.

Plaintiff seeks to add claims under the doctrine of respondeat superior against the City of Albuquerque, Richard Berry, and Ray Schultz for battery and negligent operation of machinery or equipment under the New Mexico Tort Claims Act (NMTCA), and for excessive force under the

Fourth Amendment to the United States Constitution and/or article II, section 10 of the New Mexico Constitution. (Doc. 40 at 2–4.) If Plaintiff still desires to add claims against any Defendants, he must refile a motion to amend, attaching a complete copy of his proposed second amended complaint to the motion in compliance with Fed. R. Civ. P. 15(a)(2) and Local Rule D.N.M. LR-Civ.15.1.[1]

      **D.**      **The Court denies any other motions.**

Plaintiff brings several other claims, accusations, and/or motions in his motion to reconsider. For example, Plaintiff alleges that "allowing these Defendants is criminal activity direct violation of world human rights, Judicial Misconduct, aiding and abetting attempted homicide, Deprivation of Rights," et cetera. (Doc. 40 at 1.) Plaintiff later seeks certain discovery, which Defendants have apparently refused to provide Plaintiff. (*Id.* at 5.) Plaintiff asks the Court to punish Defendants and their attorney with "life imprisonment or Death Penalty (sic)" for their failure to provide the requested discovery or other baseless "crimes." (*Id.*) Plaintiff's position is untenable. There is absolutely no authority for allowing such unfounded claims to stand. To the extent Plaintiff seeks relief from these allegations, such relief is denied. To the extent Plaintiff is seeking discovery, Plaintiff must do so in compliance with Federal Rule of Civil Procedure 26 and Local Rule D.N.M. LR-Civ. 26.[2] Any such motion for discovery herein is denied.

      **THEREFORE,**

      **IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 40) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] The text of Fed. R. Civ. P. 15 and D.N.M. LR-Civ. 15.1 is attached to this order for reference.
[2] The text of Fed. R. civ. P. 26 and D.N.M. LR-Civ. 26 is attached to this order for reference.

**D.N.M. LR-Civ. RULE 15. Amended and Supplemental Pleadings.**
15.1 Motion to Amend Pleading. A proposed amendment to a pleading must accompany the
motion to amend.


**D.N.M. LR-Civ. RULE 26. Discovery.**
26.1 Form of Discovery Requests.
(a) Requirements of Serving Party.
(1) Space to Respond. A party, when serving the following documents, must provide
space, when not on a diskette, for an answer, response or objection after each:
• interrogatory;
• request for production of documents or things; or
• request for admission.
(2) Numbering. Regardless of the number of sets, a party must sequentially number:
• interrogatories;
• requests for production of documents or things; or
• requests for admissions.
For example, the first set of interrogatories is numbered 1-10; the same party's second
set of interrogatories is numbered 11-20, etc.
(b) Requirements of Responding Party. The party answering, responding or objecting
to a discovery request must either set forth the answer, response or objection in the space
provided or quote fully each interrogatory or request before any answer, response or
objection.
26.2 Certification of Service. The following documents must be served, but not filed with the
Clerk. Only a certificate indicating the date of service is filed.
(a) interrogatories;
(b) requests for production or inspection;
(c) requests for admissions;
(d) responses to (a)-(c);
(e) initial disclosures as described in FED. R. CIV. P. 26(a)(1); and
(f) expert witness reports as described in FED. R. CIV. P. 26(a)(2).
26.3 Required Disclosures. All provisions of FED. R. CIV. P. 26 are applicable to actions in this
District, unless specifically exempted by local rule.
(a) Exemptions from Initial Disclosures. The following are exempted:
(1) all disclosure in cases excluded from case management procedures by
D.N.M.LR-Civ. 16.3; and
(2) disclosure of experts having knowledge of the case who are used for the sole
purpose of case preparation and not as witnesses.
(b) Exemption from Expert Report Disclosure. Treating physicians need not prepare an
expert report as required by FED. R. CIV. P. 26(a)(2)(B).
(c) Exemption When Joint Status Report Filed. When required disclosures have
previously been made in the Joint Status Report pursuant to D.N.M.LR-Civ. 16.1, the
required disclosures pursuant to FED. R. CIV. P. 26 may incorporate portions of the Joint
Status Report.
(d) Required Initial Disclosure. In all cases in which the physical or mental medical

6

condition of a party is an issue, the party whose condition is an issue must make a good faith effort to produce the following information that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

(1) a list of the name, address and phone number of any healthcare provider, including without limitation, any physicians, dentists, chiropractors, mental health counselors, clinics and hospitals which have treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date;

(2) all records of such healthcare providers which are already in that party's possession, which will be made available for inspection and copying by all other parties to the action;

(3) for each healthcare provider, a signed authorization to release medical records form, as set forth in Appendix "A." Within fourteen (14) days after receiving medical records by use of these authorization forms, a party must make the records available for inspection and copying by all other parties to the action.

(e) Duties in Responding to Initial Disclosures. When information, records or a release subject to this rule is withheld on a claim that it is privileged or subject to objection, or that disclosure is prohibited by regulation or statute, the claim must be made expressly in writing and must be supported by a description of the nature of the documents, or things not produced that is sufficient to enable the demanding party to contest the claim.

26.4 Timing of Discovery and Initial Disclosures.

(a) Discovery. A party may not seek discovery under these rules or the Federal Rules of Civil Procedure before the parties have conferred as required by FED. R. CIV. P. 26(f) except by agreement of all parties or by Court order.

(b) Party Entering Case After Initial Scheduling Conference. A party first served or joined after the Initial Scheduling Conference must meet all established case management deadlines. If the deadline for initial disclosures has passed, the party must comply with FED. R. CIV. P. 26(a)(1).

26.5 Changing Discovery Limitations.

(a) General Limits. The Court, sua sponte or on motion by a party, may change the limitations on discovery imposed by federal or local rule and may fashion discovery to meet special circumstances.

(b) Number of Interrogatories. Unless otherwise ordered by the Court, to serve more interrogatories than are allowed by FED. R. CIV. P. 33, a party must file a motion in accordance with D.N.M.LR-Civ. 7, which sets forth the proposed interrogatories and explains why they are necessary.

26.6 Objections to Discovery. A party served with objections to:
• an interrogatory;
• request for production or inspection; or
• request for admission

must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed. In this case, the party must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days after production or inspection of the documents.

Failure to proceed within this time period constitutes acceptance of the objection. For good

cause, the Court may, sua sponte or on motion by a party, change the twenty-one (21) day period.

**Fed. R. Civ. P. Rule 15. Amended and Supplemental Pleadings**
 **(a) Amendments Before Trial.**
**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
**(A)** 21 days after serving it, or
**(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
**(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.
**(b) Amendments During and After Trial.**
**(1)** *Based on an Objection at Trial.* If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.
**(2)** *For Issues Tried by Consent.* When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.
**(c) Relation Back of Amendments.**
**(1)** *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
**(A)** the law that provides the applicable statute of limitations allows relation back;
**(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
**(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
**(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.
**(2)** *Notice to the United States.* When the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States

attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

**(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.


**Fed. R. Civ. P. Rule 26. Duty to Disclose; General Provisions Governing Discovery**
**(a) Required Disclosures.**
**(1)** *Initial Disclosure.*
**(A)** *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
**(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
**(ii)** a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;
**(iii)** a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and
**(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.
**(B)** *Proceedings Exempt from Initial Disclosure.* The following proceedings are exempt from initial disclosure:
**(i)** an action for review on an administrative record;
**(ii)** a forfeiture action in rem arising from a federal statute;
**(iii)** a petition for habeas corpus or any other proceeding to challenge a criminal conviction or sentence;
**(iv)** an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision;
**(v)** an action to enforce or quash an administrative summons or subpoena;
**(vi)** an action by the United States to recover benefit payments;
**(vii)** an action by the United States to collect on a student loan guaranteed by the United States;
**(viii)** a proceeding ancillary to a proceeding in another court; and
**(ix)** an action to enforce an arbitration award.
**(C)** *Time for Initial Disclosures--In General.* A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not

appropriate in this action and states the objection in the proposed discovery plan. In ruling on the objection, the court must determine what disclosures, if any, are to be made and must set the time for disclosure.

**(D)** *Time for Initial Disclosures--For Parties Served or Joined Later.* A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined, unless a different time is set by stipulation or court order.

**(E)** *Basis for Initial Disclosure; Unacceptable Excuses.* A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures.

**(2)** *Disclosure of Expert Testimony.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;

**(ii)** the facts or data considered by the witness in forming them;

**(iii)** any exhibits that will be used to summarize or support them;

**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

**(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**(vi)** a statement of the compensation to be paid for the study and testimony in the case.

**(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

**(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**(D)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

**(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

**(E)** *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).

**(3)** *Pretrial Disclosures.*

**(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

**(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;

**(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

**(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

**(B)** *Time for Pretrial Disclosures; Objections.* Unless the court orders otherwise, these disclosures must be made at least 30 days before trial. Within 14 days after they are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); and any objection, together with the grounds for it, that may be made to the admissibility of materials identified under Rule 26(a)(3)(A)(iii). An objection not so made--except for one under Federal Rule of Evidence 402 or 403--is waived unless excused by the court for good cause.

**(4)** *Form of Disclosures.* Unless the court orders otherwise, all disclosures under Rule 26(a) must be in writing, signed, and served.

**(b)** **Discovery Scope and Limits.**

**(1)** *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**(2)** *Limitations on Frequency and Extent.*

**(A)** *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.

**(B)** *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(C)** *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

**(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

**(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

**(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

**(3)** *Trial Preparation: Materials*.

**(A)** *Documents and Tangible Things*. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)** they are otherwise discoverable under Rule 26(b)(1); and

**(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** *Protection Against Disclosure*. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

**(C)** *Previous Statement*. Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

**(i)** a written statement that the person has signed or otherwise adopted or approved; or

**(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording--or a transcription of it--that recites substantially verbatim the person's oral statement.

**(4)** *Trial Preparation: Experts*.

**(A)** *Deposition of an Expert Who May Testify*. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

**(B)** *Trial-Preparation Protection for Draft Reports or Disclosures*. Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

**(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

**(i)** relate to compensation for the expert's study or testimony;

**(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

**(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**(D)** *Expert Employed Only for Trial Preparation*. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

**(i)** as provided in Rule 35(b); or

**(ii)** on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

**(E)** *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:

**(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and

**(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

**(5)** ***Claiming Privilege or Protecting Trial-Preparation Materials.***

**(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

**(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**(c) Protective Orders.**

**(1)** ***In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

**(A)** forbidding the disclosure or discovery;

**(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

**(C)** prescribing a discovery method other than the one selected by the party seeking discovery;

**(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

**(E)** designating the persons who may be present while the discovery is conducted;

**(F)** requiring that a deposition be sealed and opened only on court order;

**(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.

**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

**(d) Timing and Sequence of Discovery.**

**(1)** *Timing.* A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

**(2)** *Early Rule 34 Requests.*

**(A) Time to Deliver.** More than 21 days after the summons and complaint are served on a party, a request under Rule 34 may be delivered:

**(i)** to that party by any other party, and

**(ii)** by that party to any plaintiff or to any other party that has been served.

**(B)** *When Considered Served*. The request is considered to have been served at the first Rule 26(f) conference.

**(3)** *Sequence.* Unless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:

**(A)** methods of discovery may be used in any sequence; and

**(B)** discovery by one party does not require any other party to delay its discovery.

**(e) Supplementing Disclosures and Responses.**

**(1)** *In General.* A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

**(A)** in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

**(B)** as ordered by the court.

**(2)** *Expert Witness.* For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

**(f) Conference of the Parties; Planning for Discovery.**

**(1)** *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable-- and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

**(2)** *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

**(3)** *Discovery Plan.* A discovery plan must state the parties' views and proposals on:

**(A)** what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;

**(B)** the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

**(C)** any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

**(D)** any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

**(E)** what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

**(F)** any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**(4)** *Expedited Schedule.* If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may by local rule:

**(A)** require the parties' conference to occur less than 21 days before the scheduling conference is held or a scheduling order is due under Rule 16(b); and

**(B)** require the written report outlining the discovery plan to be filed less than 14 days after the parties' conference, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference.

**(g) Signing Disclosures and Discovery Requests, Responses, and Objections.**

**(1)** *Signature Required; Effect of Signature.* Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name--or by the party personally, if unrepresented--and must state the signer's address, e-mail address, and telephone number. By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

**(A)** with respect to a disclosure, it is complete and correct as of the time it is made; and

**(B)** with respect to a discovery request, response, or objection, it is:

**(i)** consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

**(ii)** not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

**(iii)** neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

**(2)** *Failure to Sign.* Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.

**(3)** *Sanction for Improper Certification.* If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.