**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CLAYTON ANDREW SCHWERS,

        Plaintiff,

vs.                                                               No. 1-15:cv-00237-RB

CITY OF ALBUQUERQUE,
MAYOR RICHARD BERRY,
RAYMOND SCHULTZ, Chief of Police, APD (former),
CHRISTOPHER KERLIN, APD Officer, and
JOHN MINGS, APD Officer,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Clayton Andrew Schwers, proceeding pro se, sued Police Officers Christopher Kerlin and John Mings. (Doc. 1.) Mr. Schwers filed an Amended Complaint alleging damages for civil rights violations. (Doc. 6 at 1–2.) Defendants Christopher Kerlin and John Mings ("Defendants") filed a Motion to Dismiss Plaintiff's Complaint as a Sanction for Plaintiff's Untruthfulness During Discovery. (Doc. 106.) Mr. Schwers opposes this motion. (Doc. 108.) Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court **GRANTS** the Motion to Dismiss Plaintiff's Complaint.

**I.     BACKGROUND**

This case arises from a violent encounter between Mr. Schwers and Defendants, both Albuquerque Police Officers. (Doc. 6 at 3–4.) Mr. Schwers was indicted by a grand jury for the following crimes incident to that arrest: (1) aggravated battery upon a peace officer; (2) criminal damage to property (over $1000); (3) resisting, evading, or obstructing an officer (2 counts); and

(4) concealing identity. (Doc. 106-6.) He pleaded guilty to lesser included misdemeanors of all the charges except concealing identity. (Doc. 106-7.)

Mr. Schwers alleges that Defendants used excessive force during his arrest, leaving him with multiple injuries. *Id*. Mr. Schwers filed his original complaint in this Court on March 20, 2015 (Doc. 1), and his First Amended Complaint on April 6, 2015, alleging multiple complaints against Defendants, including the use of excessive force during his arrest. The complaint also listed the City of Albuquerque, Mayor Richard Berry, and Chief of Police Raymond Schultz as defendants. (Doc. 1.) The case against those defendants was dismissed when the Court found that Mr. Schwers failed to state a claim against them. (Doc. 13.) Defendants Ming and Kerlin now move to dismiss the lawsuit against them as a sanction against Mr. Schwers for not complying with the rules of discovery. (Doc. 106.)

Defendants submit that Mr. Schwers has failed to maintain truthfulness throughout the discovery process. (Doc. 106.) Defendants arrested Mr. Schwers after investigating a 911 call reporting property crimes in the parking lot of the Century 21 theatre in Albuquerque, New Mexico. (Doc. 106-3.) Mr. Schwers admitted to his treating physician at the emergency room that he struggled with the police and resisted restraint, which led to them tasering him at least four times. (Doc. 106-4 at 2.) Mr. Schwers also admitted that he bit one of the officers. *Id*. Mr. Schwers's physician reported that he was "acutely intoxicated upon arrival with a blood alcohol level of 151" (presumably, .151). (Doc. 106-4.)

Defendants served Mr. Schwers with interrogatories on December 2, 2015. (Doc. 106-9.) In Interrogatory No. 4, Mr. Schwers was asked to describe in detail the events leading up to his arrest and the arrest itself. *Id*. After Mr. Schwers failed to produce satisfactory answers, U.S. Magistrate Judge Lynch ordered him to provide complete answers and warned him that failure to

comply with the order could lead to sanctions, including dismissal of the case. (Doc. 67.) Mr. Schwers's answers after the order remained incoherent. His response to Interrogatory No. 4 was as follows:

> I was not with anyone Citizen or humans, no contacts, I was on a walk on the bikepath that goes to Tramway. I went to Subway to get lunch. This was a gay Hate Crime was called Sunshine. Egregious act and maliscious [sic] aggravated sexual assault aggravated battery attach by APD.
>
> Tasered Lethal amount of times officers portrayed themselves in a terrorist manner when telling my father to leave the room who is a nuclear engineer is a terrorist offense in areas and further government negligence. Terrorist by trying to induce fear into the public who have Civil Rights.
>
> Detailed in the Amended Complaint.

*See* (Doc. 106-10 at 2.).

Mr. Schwers's other answers were likewise untruthful or nonsensical. In Interrogatory No. 12, Mr. Schwers was asked whether he had consumed alcohol prior to the event. He responded, "I'm not aware of it being illegal cause its not to consume alcohol I don't remember I believe a test done said there was some I'm not aware how valid those tests or if it can be trusted ever, Just another item withheld from me for my criminal trial. No drugs." (Doc. 106-10 at 3.) Mr. Schwers's blood alcohol level was, in fact, 151 (the number recorded by his treating physician). (Doc. 106-4.)

In Interrogatory No. 21, Mr. Schwers was asked to explain why he resisted arrest and struggled with Defendants. He responded, "NA did not happen at all." (Doc. 106-11 at 2.) In Interrogatory No. 22, Mr. Schwers was asked to explain why he bit Defendant Ming's arm. He responded as follows:

> This question is Fraud Libel and a set of Malicious Prosecution threats you can look at their own APD photographs nobody bites like a vampire with no bottom set of teeth and the rest of the top aren't there this is harassment over and over again. I was elbowed in the face ask each officer underoath [sic] and other

3

> witnesses. even like those two little bitty scraped from looks like pebbles are too far spread apart to even be teeth this Fraud has been used enough times for John mings [sic] and his counsel to go to Life in prison. Plaintiff should receive additional award punitive damages and any other damages from his defamation of character.

*See* (Doc. 106-10 at 4.) Mr. Schwers told his physician that he bit the Officer, but in the interrogatories he denies the same.

At an August 2, 2016, deposition, Mr. Schwers was initially unclear about whether he understood the difference between a truth and a lie. (Doc. 106-8.) Mr. Schwers said that the truth is what he says, and a lie is something that varies from what he says. *Id*. at 2. Mr. Schwers then said that doctors and other people could tell the truth. *Id*. During the deposition, Mr. Schwers denied vandalizing vehicles in the parking lot, and said he did not think that actually occurred. *Id*. at 3. He also denied having alcohol that day. *Id*. Mr. Schwers said that he went willingly with the police to their car and did not resist the arrest or bite Officer Mings on the arm. *Id*. at 4–5. When asked about the bite, he said it was "bizarre that anyone would even say that." *Id*. at 6. He denied telling anyone about being restrained, struggling, or biting the Officer. *Id* at 8.

## II.     LEGAL STANDARD

### A.     *Pro Se Plaintiff*

The Court must construe Mr. Schwers' pleadings and arguments liberally, but it cannot expand upon Mr. Schwers' allegations or add facts to support his claims. Courts must review pro se "pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, pro se status does not entitle Mr. Schwers to different rules of civil procedure. *See Montoya v. Chao*, 296 F.3d 952,

957 (10th Cir. 2002). The Court may not assume that a pro se plaintiff can prove facts the plaintiff has not alleged, or that the defendant has violated laws in ways the plaintiff has not alleged. *Associated Gen. Contractors of Cal. Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Court may not act as an advocate for a pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B. *Discretion of District Court to Sanction Litigants*

A district court has discretion to sanction a party for failing to comply with local or federal procedural rules. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). Rule 37(b)(2) authorizes a district court to sanction a party who "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). For a court to dismiss a case as a sanction, the discovery violation must be "predicated upon willfulness, bad faith, or [some] fault of the petitioner rather than inability to comply." *Archibeque v. Atkinson, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) (internal quotation omitted).

The Tenth Circuit has articulated the following five criteria for a district court to consider when assessing whether to dismiss a litigant's claim based on failure to comply with court orders and to cooperate in discovery: "(1) the degree of actual prejudice to [the plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that [entry of judgment against her] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotation and citations omitted). These factors do not constitute a rigid test; instead, they represent criteria for the district court to consider in selecting a sanction. *Id*.

### III.    DISCUSSION/ANALYSIS

The Defendants moved for the dismissal of Mr. Schwers' claims based on his failure to cooperate in discovery. In his rambling, largely incoherent response to the Motion to Dismiss, Mr. Schwers did not address the discrepancies between his sworn testimony and his statements to his medical doctor and his guilty plea related to the arrest. Mr. Schwers rehashes the U.S. Department of Justice complaint against the City of Albuquerque and lists prior cases against the Albuquerque Police Department. (Doc. 108.) He then makes allegations against Defendant's counsel for violating his due process rights, claims to place Defendants under citizen's arrest (and types out a Miranda warning directed at them), and calls for new charges to be brought against Defendants and their counsel. (*Id.*) Mr. Schwers also requests relief of $5000 per hour for his time and the costs of printing documents. *Id* at 8. Mr. Schwers fails to rebut the facts asserted in Defendants' Motion to Dismiss. Mr. Schwers lied about his encounter with Defendants, and despite his guilty plea denied that he engaged in the activities leading to his arrest. He admitted to his treating physician that he bit an Officer, but subsequently denied this in the interrogatories and deposition. He also denied having consumed alcohol, but his medical records show otherwise. Given Mr. Schwers's repeated contradictions and lies and his failure to comply with the discovery process, the *Ehrenhaus* factors weigh in favor of dismissal. Mr. Schwers has flaunted the rules of civil procedure by failing to take the discovery process seriously. An analysis of the *Ehrenhaus* factors shows that dismissal is an appropriate sanction under the circumstances.

#### 1.    *Degree of Actual Prejudice to the Defendant*

The Defendants are prejudiced by Mr. Schwers's actions. Mr. Schwers's false answers interfere with Defendants' ability to evaluate the case, causing demonstrable prejudice. Mr.

Schwers claims that Defendants exercised excessive force during his arrest. Ordinarily, Defendants would have the opportunity to file for summary judgment on the excessive force issue because of their qualified immunity. Here, because Mr. Schwers's story has so radically shifted, summary judgment is precluded. *See Chavez v. City of Albuquerque*, 402 F.3d 1039 (10th Cir. 2009) (noting that "the entitlement of qualified immunity is an immunity from suit rather than a mere defense to liability…[I]t is effectively lost if a case is erroneously permitted to go to trial." (internal quotations omitted)). "Forcing a defendant entitled to invoke the defense [of qualified immunity] to proceed to trial on the basis of a lie fundamentally undermines this important principal." *Id*. When Mr. Schwers denied facts that had earlier been established, he interfered with Defendants' ability to seek dismissal.

Mr. Schwers also interfered with Defendants' ability to prepare for trial. Mr. Schwers's denial of events precludes Defendants from being able to establish credibility or legitimately explain the use of force during the arrest. The fact-finder, given the accurate telling of events, would have the context for Defendants' interaction with Mr. Schwers. Mr. Schwers's repeated untruthfulness during the discovery process clearly prejudices Defendants and is a basis upon which a dismissal of the action is warranted. *See Archibeque*, 70 F.3d 1172.

2. *The Amount of Interference with the Judicial Process*

Mr. Schwers's behavior significantly interfered with the judicial process. Mr. Schwers failed to comply with rules of discovery when he fabricated a new version of the events. Mr. Schwers has shown that he does not respect the value of finding the truth throughout the process, and if that were to continue at trial, Defendants would be hindered in moving to dismiss the case under Fed. R. Civ. P. 50. During the discovery process, Mr. Schwers entirely contradicted his

earlier admissions and his guilty pleas. This is a violation of the integrity of the judicial process, and weighs in favor of dismissing Mr. Schwers's claim.

### 3. *The Culpability of the Litigant*

Mr. Schwers is solely responsible for his failure to comply with the discovery process. Mr. Schwers is pro se and prosecuting the case himself. His responses to the interrogatories and deposition questions are his responsibility alone. Mr. Schwers is responsible for his own lies and for hampering the discovery process. Even when construing them liberally, Mr. Schwers's actions can only be interpreted as an attempt to conceal information from Defendants for his own benefit. He is, therefore, the culpable party, and this factor weighs in favor of dismissal.

### 4. *Advance Notice of Dismissal as a Sanction for Non-Compliance*

Advance warning of possible sanctions, including dismissal, is not required, but Mr. Schwers was given notice. *See Chavez*, 404 F.3d at 1045. The Tenth Circuit found that "[w]ith respect to the factor of whether a prior warning was necessary before the case was dismissed, the Court noted that because perjurious testimony was offered under oath, an additional warning would have been superfluous." *Id.* (citing *Webb v. Texas*, 409 U.S. 95, 97 n. 2 (1972). Mr. Schwers swore to give truthful answers to the interrogatories and in the deposition. He failed to do so, and repeated admonitions defeat the point of the oath's sanctity.

Magistrate Judge Lynch warned Mr. Schwers that if he did not comply with discovery rules, dismissal was a possible sanction. (Doc. 91.) Further, in his order to compel, Magistrate Judge Lynch explicitly noted that failure to comply with the order "may have serious consequences, up to and including sanctions in the form of adverse inferences, attorney fees or

other monetary fines, dismissing the case, or instituting contempt proceedings." (Doc. 67 at 8.) Mr. Schwers has been given notice, and his failure to comply weighs in favor of dismissal.

     5.     *The Efficacy of Lesser Sanctions*

Dismissal is the most severe sanction, but in this case, it is the most effective one. Dismissal is usually appropriate only where lesser sanctions would not serve the interests of justice. *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988). Thus, in cases where a plaintiff fails to obey a court order through inadvertence or simple neglect, the deterrent effect can usually be achieved through lesser sanctions. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir. 1988). The extent and redundancy of Mr. Schwers's behavior demonstrates that a lesser sanction, short of dismissal, would not be proper or effective in this case.

## IV.    CONCLUSION

Accordingly, I find that Plaintiff's complaint should be dismissed with prejudice. For all of the forgoing reasons,

    **IT IS ORDERED THAT:**

Defendants' Motion to Dismiss Plaintiff's Complaint as a Sanction for Plaintiff's Untruthfulness During Discovery is **GRANTED.**

*/s/ Robert C. Brack*
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**